| | |
|---|---|
| Paula R. Gould | |
| vs. | No. 85733. |
| Rose Anna Hall | |
| Paula R. Gould | |
| vs. | No. 85734. |
| Byron J. Hall | |

June 26, 1933.

POULIOT, J. These are two actions brought by the plaintiff against husband and wife for injuries sustained in a collision between an automobile owned by one Lippman, and in which the plaintiff was a passenger, and an automobile owned by Byron J. Hall and operated by his wife.

They are before the Court on motion of the defendants for a new trial after a jury returned a verdict for the plaintiff in each case.

Both cases were tried together and will be here considered as one cause, for the purpose of these motions, as they involve the same claim.

On the afternoon of August 6, 1930, the plaintiff, a resident of New York City, was visiting Martin Lippman of Providence. Her claim is that while riding as a passenger in his automobile, at a point on the Boston Post Road opposite the entrance to Bonnet Shores, the defendant's car came out of that entrance at a high rate of speed and either struck the Lippman car or came so close to it that its operator was forced to swerve to his left in an attempt to avoid an accident, the Lippman car coming in contact with an automobile proceeding in the opposite

direction with such force that it turned over and caused severe injuries to the plaintiff.

Mrs. Hall claimed she drove out of Bonnet Shores Road at a reasonable rate of speed, turned to her right on to the main road, did not strike the Lippman car nor did she come close to it, and had proceeded away from the scene of the accident about 50 feet when she heard a crash.

There is other testimony in the case which seems to substantiate both claims.

The defendant further claims that the accident resulted from the conduct of Lippman, who got excited when he saw the Hall car come out of Bonnet Shores Road and ran into a car coming from the other direction because his speed was too great to allow him to stop before a collision took place.

The plaintiff, being a passenger and having no control of the car in which she was riding, is not chargeable with any negligence of its operator.

There is ample credible testimony to show that the Hall car, if it did not actually come in contact with the Lippman car, at least came so close to it that its operator was justified in his belief that there would be a collision if he did not swerve to his left.

As to liability, the plaintiff proved her claim by a fair preponderance of the evidence and the Court cannot disturb the jury's verdict in finding for the plaintiff.

The amount awarded by the jury was $5500, having considered an amount of $4500 previously paid by Lippman under a covenant not to sue. Therefore, the total allowed plaintiff for her injuries from both sources amounted to $10,000.

The money damages are high. Her hospital expenses were, in round figures, $2300. Dr. Jones' bill is $650. She was employed at an Orphan Asylum in New York at a wage of $110 per month in addition to her board, food and laundry at an estimated value of $125. per month.

Her injuries were severe. She lost a leg by amputation, had to submit to a second amputation and will have to go through another to permit the stump of her leg to be fitted to an artificial limb.

Under the evidence, the amount awarded was not excessive, but was reasonable and receives the approval of the Court.

Defendant's motion for a new trial is denied in each case.

For plaintiff: Charles Z. Alexander, Judah C. Semonoff, C. J. O'Reilly, William A. Gunning.

For defendant: Alfred G. Chaffee.